This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

**v.**                                                                 **No. A-1-CA-36522**

**JOSE A. ROJAS,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DONA ANA COUNTY**
**Fernando R. Macias, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Badridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**SUTIN, Judge.**

{1}    Defendant appeals his convictions for aggravated driving while intoxicated (DWI) (refusal), failure to maintain lane, and open container. We issued a calendar

notice proposing to summarily affirm. Defendant has responded with a memorandum in opposition. We affirm.

{2}	Defendant continues to challenge the sufficiency of the evidence to support his three convictions. [MIO 2] A sufficiency of the evidence review involves a two-step process. *State v. Apodaca*, 1994-NMSC-121, ¶ 6, 118 N.M. 762, 887 P.2d 756. Initially, the evidence is viewed in the light most favorable to the verdict. *See id.* Thereafter, the appellate court must make a legal determination of "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *Id.* (internal quotation marks and citation omitted).

{3}	In order to convict Defendant of aggravated DWI, the evidence had to show that Defendant drove a motor vehicle while he was under the influence of intoxicating liquor (slightest degree), and he refused to submit to chemical testing. [RP 53] In order to support the failure to maintain lane conviction, the evidence had to show that Defendant was driving a motor vehicle and failed to maintain his position as nearly as practicable entirely within the single lane. [RP 55] In order to support the open container conviction, the evidence had to show that Defendant was in a motor vehicle and possessed an open bottle, can, or other receptacle that contained any alcoholic beverage. [RP 56]

**{4}** Here, the State presented evidence that Defendant failed to maintain his lane; namely, Defendant was observed weaving inside and outside of his lane while driving. [MIO 1] Defendant cites this Court's case law that a momentary or minor deviation will not constitute a violation of the statute. [MIO 4] However, the evidence of weaving back and forth within the lane supported the view that the weaving outside the lane was not a momentary deviation, but the product of a failure to properly control the vehicle.

**{5}** Our calendar notice also proposed to hold that the open container charge was supported by evidence that an open 24-ounce beer was found in Defendant's vehicle. [DS 3; MIO 1] Defendant argues that the jury instruction required the State to show that Defendant was in possession of the open container and that this was not satisfied because he was outside of the vehicle when the officer saw the beer can. [MIO 7] However, the officer had just observed Defendant driving the vehicle, and the fact-finder could reasonably conclude that this satisfied possession.

**{6}** With respect to DWI, in addition to erratic driving, Defendant smelled of alcohol, had slurred speech, had difficulty exiting his vehicle, admitted drinking, and was in possession of the aforementioned beer. [MIO 1] This was sufficient to support the DWI element of the aggravated DWI conviction. *See, e.g.*, *State v. Soto*, 2007-NMCA-077, ¶ 34, 142 N.M. 32, 162 P.3d 187 (holding that there was sufficient

3

evidence to support a conviction where officers observed the defendant driving, where the defendant admitted to drinking, and where the defendant had bloodshot watery eyes, smelled of alcohol, and had slurred speech); *State v. Notah-Hunter*, 2005-NMCA-074, ¶ 24, 137 N.M. 597, 113 P.3d 867 (holding that evidence that a defendant smelled of alcohol, had slurred speech, admitted to drinking alcohol, failed field sobriety tests, and was driving erratically was sufficient to uphold a conviction for DWI). With respect to the aggravation, the State presented evidence that Defendant refused to take a breath test. [DS 4; MIO 2]

{7}     For the reasons set forth in this opinion, we affirm.

{8}     **IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**


_____
**LINDA M. VANZI, Chief Judge**


_____
**STEPHEN G. FRENCH, Judge**